UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARVIS DUGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-48 |
| | § | |
| SGT. QUINTENERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTIONS TO SEAL

In this prisoner civil rights action, Plaintiff Jarvis Dugas raises Eighth Amendment claims of excessive force and deliberate indifference. Defendants Echavarry and Pfannstiel have filed a motion for summary judgment and attached exhibits under seal (D.E. 71) along with a motion to seal the motion and attached exhibits (D.E. 70). Defendant Quintenero has filed a motion for summary judgment (D.E. 67) and supporting exhibits (D.E. 73. While Defendant Quintenero filed his supporting exhibits under seal, he did not file his summary judgment motion under seal. He nevertheless moves to seal his summary judgment motion and supporting exhibits. (D.E. 72).

Defendants Echavarry, Pfannstiel, and Quintenero request that their motions for summary judgment and supporting exhibits be sealed because the pleadings and records contain protected health information pertaining to Plaintiff. However, not only has Plaintiff objected to the motions to seal (D.E. 84), he has placed his medical condition at issue in this lawsuit and has attached unredacted copies of his medical records to his various responses to the motions for summary judgment. (D.E. 75-1, 77). *See* Fed. R.

1 / 2

Civ. P. 5.2(h) (waiver of Rule 5.2 protections as to the person's own information by filing it without redaction and not under seal); *see also Kitchen v. Corizon Health, Inc.*, No. 1:16-CV-190, 2017 WL 5197115, *2 n.3 (W.D. Mich. Nov. 10, 2017) (prisoners claiming deliberate indifference place their medical condition at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA). *But see* 45 C.F.R. 164.508 (filing of a lawsuit does not waive the confidentiality of health information, unless the patient gives written consent or enters into an agreement). Plaintiff's written opposition to the motions to seal coupled with his filing of unredacted copies of his own medical records are tantamount to an agreement and consent that the medical records be open to the public and available. Plaintiff's submissions reflect no wish to have such records sealed from public scrutiny.

Accordingly, Defendants' motions to seal their summary judgment motions and supporting exhibits (D.E. 70, 72) are DENIED. The Clerk is DIRECTED to UNSEAL: (1) the motion for summary judgment and attached exhibits filed by Defendants Echavarry and Pfannstiel; and (2) all exhibits submitted by Defendant Quintenero in support of his summary judgment motion.

ORDERED this 23rd day of August, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE