UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JARVIS DUGAS, §
§
Plaintiff, §
VS. § CIVIL ACTION NO. 2:17-CV-48
§
SGT. QUINTENERO, *et al*, §
§
Defendants. §

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTIONS FOR APPOINTMENT OF COUNSEL

In this prisoner civil rights action, Plaintiff Jarvis Dugas raises Eighth Amendment claims of excessive force and deliberate indifference. Pending before the Court are Plaintiff's Motions for Appointment of Counsel. (D.E. 90, 91).

On February 5, 2019, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Defendant Davis's Motion for Judgment on the Pleadings be granted; (2) Defendant Quintenero's Motion for Summary Judgment be denied; and (3) Defendants Echavarry's and Pfannstiel's Motion for Summary Judgement be denied in part and granted in part. (D.E. 93). As a result, the undersigned recommended that Plaintiff's excessive force claim against Sergeant Quintero be allowed to proceed to trial. The undersigned further explained that one of Plaintiff's deliberate indifference claims against Defendant Echavarry, which was not addressed at the summary judgment stage, will proceed to trial.

1

Plaintiff seeks the appointment of counsel, arguing that his lack of education and mental illness hinder his ability to litigate his claims in this case. (D.E. 90, 91). In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. Plaintiff raises Eighth Amendment claims of excessive force and deliberate indifference. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Contrary to his statements in his motions, Plaintiff's

various pleadings demonstrate he has sufficient intelligence and ability to understand his claims and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial, and the undersigned's recent M&R (following a 14-day period to file objections) will be pending before Judge Tagle.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. Plaintiff's motions for appointment of counsel (D.E. 90, 91), therefore, are DENIED without prejudice. Should Judge Tagle adopt the M&R, this case will be set for trial. The undersigned will then likely reexamine *sua sponte* Plaintiff's request and appoint counsel. In the meantime, Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

ORDERED this 5th day of February, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE