Case 2:17-cv-00048   Document 128   Filed on 05/03/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JARVIS DUGAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-00048 |
| § | |
| JUAN QUINTERO, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jarvis Dugas is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Dugas raises Eighth Amendment claims of excessive force and deliberate indifference. On March 25, 2019, the District Court entered an order that, in relevant part, dismissed with prejudice Dugas's deliberate-indifference claims against Defendants Donna Pfannstiel and Erick Echavarry based on medical treatment Dugas received. (D.E. 114). Pending before the Court are Dugas's "Motion in Question of Plaintiff Defendant Pfannstiel Claims" (D.E. 115), "Objection Motion to Add Moot [Evidence]" (D.E. 116), "Objection Motion to Dismissal With Prejudice" (D.E. 118), and "Objection Motion on Mootness" (D.E. 121). Each of these motions is construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e). For the reasons discussed further below, it is recommended that Dugas's motions be denied.

I.   **BACKGROUND**

Dugas is an inmate incarcerated at the Jester IV Unit of the Texas Department of Criminal Justice, Criminal Institutions Division, in Richmond, Texas. His allegations in this case arose in connection with his previous assignment to the McConnell Unit in Beeville, Texas. In his original complaint, Dugas raised claims of excessive force and deliberate indifference arising in connection with the use of force against him on October 4, 2015. (D.E. 1 at 3-4, 8-9). Dugas named, among other defendants, Licensed Vocational Nurse Donna Pfannstiel and Physician Assistant Erick Echavarry as defendants. (*Id.* at 3). He did not specify whether he sued them in their individual or official capacities. (*See id.*). Specifically, Dugas alleged that Pfannstiel refused to treat his broken hand or schedule a doctor's appointment after he was slammed against a wall by a prison official. (*Id.* at 8). He alleged that Echavarry scheduled him for an x-ray 15 days later and provided him with medication, but refused to provide an emergency x-ray and did not wrap the broken hand for support. (*Id.* at 9).

In a supplement to the complaint, Dugas asserted the same excessive force and deliberate indifference claims arising in connection with the October 4, 2015 incident. (D.E. 14 at 3, 9). He also claimed for the first time that a medical provider had denied his request for a medical transfer to the Hodge Unit, which is a prison unit more capable of treating and accommodating his paralysis and mental issues. (*Id.* at 9). At a *Spears*[1] hearing conducted on June 5, 2017, before Magistrate Judge Jason B. Libby, Dugas

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

indicated that the medical provider denied his medical transfer some time before the use-of-force incident. Dugas clarified at the hearing that Echavarry was the medical provider who denied his transfer request.

Defendants Pfannstiel and Echavarry moved for summary judgment, contending that they were entitled to Eleventh Amendment immunity to the extent that Dugas sued them in their official capacities for monetary relief. (D.E. 71 at 4). Dugas clarified in his response to the summary judgment motion that he did not seek to sue them in their official capacities and that the Eleventh Amendment arguments were moot. (D.E. 77 at 28). Defendants Pfannstiel and Echavarry also argued that they were entitled to qualified immunity on Dugas's deliberate-indifference claims based on his broken hand. (D.E. 71 at 5-12). The motion did not address Dugas's claim that Echavarry was deliberately indifferent when he denied Dugas's medical transfer to another prison.

On February 5, 2019, the undersigned magistrate judge entered a memorandum and recommendation ("M&R") recommending that Echavarry and Pfannstiel's motion for summary judgment be denied as moot with respect to any claims made against them in their official capacities because Dugas only sued them in their individual capacities. (D.E. 93 at 25-26, 32). Further, the undersigned recommended that Echavarry and Pfannstiel's motion be granted on Dugas's deliberate-indifference claims based on the broken hand because they were entitled to qualified immunity. (*Id.* at 26-32). However, the undersigned noted that Echavarry had not addressed the claim regarding the medical transfer, which would accordingly proceed to trial. (*Id.* at 32 n.4).

Dugas filed several objections to the M&R. (D.E. 95, 96, 97, 98, 99, 104, 107, 108, 109, 111, 113). In his objections, Dugas reiterated his allegations against Echavarry and Pfannstiel. (D.E. 95 at 1-10; D.E. 99 at 1-3; D.E. 104 at 2-4; D.E. 107 at 1-4; D.E. 108 at 1-3; D.E. 109 at 1-2). Echavarry objected to the footnote in the M&R that indicated that he had not addressed the claim regarding the medical transfer. (D.E. 102 at 2-3).

On March 25, 2019, the District Court adopted the M&R in part. (D.E. 114). In relevant part, the Court denied Echavarry and Pfannstiel's motion for summary judgment as moot with respect to any claims against them in their official capacities, granted the motion with respect to the deliberate-indifference claims against them in their individual capacity based on qualified immunity, and dismissed the deliberate-indifference claims with prejudice. (*Id.* at 4). The Court also granted Echavarry leave to address the deliberate-indifference claim arising from the denial of the transfer request in a separate motion for summary judgment. (*Id.*). Before reaching these conclusions, the Court recognized Dugas's many objections and credited some of his arguments as to another defendant, but did not mention any specific objections Dugas made regarding Echavarry and Pfannstiel. (*Id.* at 1-3).

## II. DISCUSSION

### a. Rule 59(e) and Rule 60(b)

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford*

4

*v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Because all of Dugas's motions were filed within 28 days after the District Court's order on March 25, 2019, they are construed as Rule 59(e) motions.

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

    b.    **Dugas's Construed Rule 59(e) Motions**

In his "Motion in Question of Plaintiff Defendant Pfannstiel Claims," Dugas contends that the District Court did not consider his objections to the granting of summary judgment to Pfannstiel and Echavarry on his claims of denial of proper medical

treatment. (D.E. 115 at 1-2). In his "Objection Motion to Add Moot [Evidence]," he argues that the District Court erred in denying summary judgment as moot on claims made against Pfannstiel and Echavarry in their official capacities and reiterates his factual allegations against them. (D.E. 116 at 1). In his "Objection Motion to Dismissal With Prejudice," Dugas argues that Pfannstiel is not entitled to qualified immunity because she did not properly treat his broken hand and delayed outside treatment for the injury. (D.E. 118 at 1-4). Finally, in his "Objection Motion on Mootness," Dugas again argues that the District Court erred in denying summary judgment as moot on claims made against Pfannstiel and Echavarry in their official capacities and reiterates his factual allegations against them. (D.E. 121 at 1-2).

    Here, Dugas's motions do not meet the Rule 59(e) standard because he has not identified a manifest error of law or fact in the Court's order, nor has he presented newly discovered evidence. *See Ross*, 426 F.3d at 763. Dugas disagrees with the Court's conclusions, but does not identify what errors were made. (*See generally* D.E. 115, 116, 118, 121). First, to the extent that Dugas argues that the Court erred in denying the Eleventh Amendment claims as moot, he conceded in his response to the motion for summary judgment that he was not suing Echavarry and Pfannstiel in their official capacities and described their arguments as moot. (*See* D.E. 77 at 28; D.E. 116 at 1; D.E. 121 at 1-2). Second, to the extent that Dugas argues that the Court ignored his objections to the M&R, he does not identify which objections were ignored or which parts of the M&R he takes issue with. (*See* D.E. 115 at 1-2). Finally, to the extent he argues that Pfannstiel was not entitled to qualified immunity, he merely reiterates his allegations

6

against her and does not identify any manifest error of law or fact. (*See* D.E. 118 at 1-4). On the whole, the arguments that Dugas raises in his four motions are insufficient under Rule 59(e) because he merely rehashes evidence, legal theories, and arguments that he raised in his response to the motion for summary judgment and objections to the M&R. *Templet,* 367 F.3d at 478-79.

## III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Dugas's construed motions to alter or amend judgment under Rule 59(e) (D.E. 115, 116, 118, 121) be DENIED.

Respectfully submitted this 3rd day of May, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).