United States District Court
Southern District of Texas
**ENTERED**
January 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARVIS DUGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-48 |
| | § | |
| JUAN QUINTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION**

In this prisoner civil rights action, Plaintiff Jarvis Dugas raises Eighth Amendment claims of excessive force and deliberate indifference. Pending before the Court is Plaintiff's motion essentially seeking reconsideration of a prior Court order. (D.E. 199).

**I.      BACKGROUND**

On February 5, 2019, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation ("February 5, 2019 M&R") recommending, in sum, that Plaintiff's claims against Defendants Lorie Davis, Donna Pfannstiel, and Erick Echavarry be dismissed with prejudice, but that Defendant Sergeant Juan Quintero's motion for summary judgment be denied with respect to Plaintiff's excessive force claim against him in his individual capacity. (D.E. 93). On March 25, 2019, the Court adopted in part the February 5 M&R and allowed Defendants Quintero and Echavarry leave to file motions for summary judgment on issues not previously addressed. (D.E. 114).

1 / 4

Plaintiff subsequently filed several motions to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e). (D.E. 115, 118, 121).  On May 3, 2019, Judge Ellington issued an M&R (May 3, 2019 M&R) recommending that the Rule 59 motions be denied. (D.E. 128).  Plaintiff subsequently filed several motions (D.E. 145, 146, 147, 150, 151, 155, 156, and 158) which Judge Ellington construed as objections to the May 3, 2019 M&R.  In Orders entered on July 2 and 22, 2019, respectively, Judge Ellington terminated these motions insofar as they purported to be motions. (D.E. 152, 160). On August 28, 2019, the Court adopted the May 2019 M&R, rejecting each of Dugas's objections raised in his various filings. (D.E. 168).

In his pending motion, Plaintiff objects to the Court's August 28, 2019 Order adopting the May 3, 2019 M&R.  The undersigned construes Plaintiff's motion as seeking reconsideration of the Court's August 28, 2019 Order.

## II.    DISCUSSION

No final judgment has been entered in this case.  Nevertheless, "[a] motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under [Federal Rule of Civil Procedure] Rule 59(e) if it seeks to change the order or judgment issued."  *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, *2 (S.D. Tex. 2008).  Accordingly, the undersigned will analyze Plaintiff's motions for reconsideration using the same criteria applicable to a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), and thus "must clearly

establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." *T-M Vacuum Products, Inc.*, 2008 WL 2785636, at *2 (citation omitted).

Plaintiff has presented nothing in his motion seeking reconsideration of the August 28, 2019 Order to show that the Court committed manifest legal error in denying Plaintiff's Rule 59(e) motions. At the outset, Plaintiff's motion appears to be untimely filed as it was submitted several months after the Court' decision entered on August 28, 2019. In addition, Plaintiff raises several arguments in his current motion that he raised or should have raised in his Rule 59(e) motions and numerous subsequent objections to the May 3, 2019 M&R. He otherwise provides no coherent argument to cause the undersigned to revisit the conclusions set forth in the August 28, 2019 Order.

## III.    CONCLUSION

Because Plaintiff has presented nothing to call into question the Court's August 28, 2019 Order, it is respectfully recommended that Plaintiff's motion for reconsideration (D.E. 199) be **DENIED**.

ORDERED this 30th day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).